Date signed February 09, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| IN RE: | : |
| | : |
| DANA NICHOLE CAINE | :   Case No. 09-31712PM |
| | :   Chapter 7 |
| Debtor | : |
| -------------------------------- | : |
| ONE WEST BANK, FSB | : |
| Movant | : |
| vs. | : |
| | : |
| DANA NICHOLE CAINE | : |
| JANET M. NESSE, Trustee | : |
| Respondents | : |
| -------------------------------- | : |

**MEMORANDUM OF DECISION**

This case came before the court for a hearing on a Motion for Relief from Automatic Stay filed on behalf of One West Bank, FSB.  The court will grant the Motion, Debtor having no equity in her home located at 12306 Lily Green Way, Upper Marlboro, Maryland.  There are two loans aggregating over $700,000.00 that are secured by her home that she values at $400,000.00.  She has no equity in the property.  Inasmuch as this case is one filed under Chapter 7, One West Bank is therefore entitled to relief from the stay pursuant to § 362(d)(2)(A) of the Bankruptcy Code.  But, as far as the court is concerned, that does not end the matter.  For the last 22 months, the Debtor has been attempting to enter into a loan modification agreement and has been in active contact with One West Bank and the prior holder of the note secured by the Deed of Trust, IndyMac Bank, FSB.  Following the failure of IndyMac Bank, the Federal Deposit Insurance

Corporation completed the sale of its assets to One West Bank.

What the court finds particularly appalling in this situation, and in several others like it, is that a Chinese wall has been established between the parties handling loan modifications and the attorneys handling matters in court involving those loans.  The attorneys appearing in court are essentially nothing more than wooden Indians with neither authority nor knowledge of the modification efforts.  If there were any bona fide interest in going forward with a loan modification system, those attorneys would have substantial input into the process inasmuch as they bring to it knowledge of the local situation.  For example, this case has been troubled by the contention made by the California employees of One West Bank that the Debtor was not living in the subject property in Upper Marlboro, Maryland, a contention that is wholly without merit.

While the court will, as stated above, modify the stay, it is appropriate to observe that continued bifurcation of the stay modification and loan modification process may result in the imposition of sanctions.

cc:
Kevin Feig, Esq., 4520 East West Highway, Suite 200, Bethesda, MD 20814
Terry Laughlin, President & CEO, One West Bank, FSB, 888 East Walnut Street,
    Pasadena, CA 91101
David Garrett, Vice President, One West Bank, FSB, 888 East Walnut Street,
    Pasadena, CA 91101
Joy P. Robinson, Esq., 9701 Apollo Drive, Suite 451, Upper Marlboro, MD 20774
Janet M. Nesse, Trustee, 1150 18th Street, NW, Suite 800, Washington DC 20036
Dana N. Caine, 12306 Lily Green Way, Upper Marlboro, MD 20772

**End of Memorandum**